UNITED STATES DISTRICT COURT
FILED
AUG 2 4 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELO C.,

Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

25-CV-06111-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.

Plaintiff Angelo C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, and defendant's motion (Dkt. No. 14) is denied.

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed applications for DIB and SSI on December 15, 2020, alleging disability beginning December 11, 2020. (Administrative Transcript ["Tr."] 2238). His applications were denied at the initial, hearing, and Appeals Council ("AC") levels. (Tr.2238). Plaintiff then appealed to this Court, which resulted in a remand on February 22, 2024. (Tr. 2345-64).

Upon remand, a further administrative hearing was held via telephone on October 31, 2024. (Tr. 2276-2308). Plaintiff participated at the hearing, with counsel. A vocational expert also testified. Plaintiff's applications were once again denied, on November 13, 2024. (Tr. 2235-75). This second appeal followed.

## DISCUSSION

### I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. *<u>Standards for Determining "Disability" Under the Act</u>*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the

Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] RFC based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.*

§§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

At step one of the sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 2241). At step two, the ALJ found that Plaintiff had the following severe impairments: brain lesion, seizure disorder, asthma, migraine headaches, depressive disorder, anxiety disorder, attention deficit hyperactivity disorder, panic disorder, post-traumatic stress disorder, mild neurocognitive disorder, and personality disorder. (Tr. 2241-42). At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 2242-47).

The ALJ further concluded that Plaintiff had the RFC to perform a range of work at all exertional levels, *see* 20 C.F.R. §§ 404.1567 and 416.967, with additional postural, environmental, and mental limitations, including that Plaintiff have only "occasional contact with co-workers and supervisors, but no public contact." (Tr. 2247-65).

At step four the ALJ determined that Plaintiff had no past relevant work. (Tr. 2266). At step five, the ALJ found that there were jobs available in the national economy that Plaintiff was capable of performing. (Tr. 2266-67). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. 2267-68).

IV. *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded, because the ALJ erred by failing to explain why Plaintiff could have different levels of interaction with coworkers/supervisors and the public. The Court agrees.

The ALJ's RFC finding provides that Plaintiff can have only occasional contact with supervisors and coworkers, but no public contact. (Tr. 2248). However, the ALJ provided no explanation as to why she drew the distinction between coworkers/supervisors and the public. This was error.

The ALJ's failure to explain the RFC limitations leaves the ALJ's decision "lacking the clarity necessary [for the Court] to determine whether the ALJ's findings are supported by substantial evidence." *Lawrence W. v. Comm'r of Soc. Sec.*, 2018 WL 450940, 2018 WL 4509490, at *8 (N.D.N.Y. Sept. 18, 2018) (citing *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010). If the ALJ deems it appropriate to assess different levels of interactions for different groups of people, such differences in the RFC must be properly explained. *See Timikia C. v. Comm'r of Soc. Sec.*, 21-CV-00568-MJR, 2023 WL 5367796, at *3-4 (W.D.N.Y. Aug. 22, 2023) ("To the extent an ALJ distinguishes between the groups with whom a claimant can interact, he must explain and provide support for that distinction."); *Luke H. v. Saul*, No. 3:19-CV-720 (DJS), 2020 WL 4346789, at *4 (N.D.N.Y. July 28, 2020)(RFC is not supported without explaining differences in the RFC between interacting with co-workers, supervisors, and the public); *Joseph H. v. Comm'r of Soc. Sec.*, 3:19- CV-587, 2020 WL 2736276, at *8 (N.D.N.Y. May 26, 2020) ("... the ALJ compounded her error by failing to explain how she determined that plaintiff could tolerably interact with co-workers and supervisors up to one-third of the workday

but not the general public, when the medical opinion evidence in the record made no such distinction regarding plaintiff's limitations in interacting with others."); *Nickens v. Colvin*, No. 14–140, 2014 WL 4792197, at *2 (W.D. Pa. Sept. 23, 2014) ("The public, supervisors, and co-workers are distinct groups, and are separately addressed on the Defendant's mental residual capacity forms. Thus, limitations on two of these types of interactions in the RFC does not account for limitations in the third."). Such error is not harmless as it prevents the Court from conducting a meaningful review and may affect the findings at step five of the sequential analysis.

In response to the Plaintiff's argument, the defendant does not dispute that the ALJ failed to offer any explanation in her decision supporting her distinction between coworkers/supervisors and the public. Instead, the defendant simply states that the distinction "makes sense" and that the reasons for the distinction are "self-evident." It is well established, however, that a reviewing court "may not accept appellate counsel's post hoc rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). "The Court cannot consider the Commissioner's post-hoc justifications that were not addressed by the ALJ as a basis to affirm the ALJ's decision." *Elder v. Comm'r of Soc. Sec.*, 15-CV-7370, 2017 U.S. Dist. LEXIS 44418, at *39 (E.D.N.Y. Mar. 24, 2017). And, a court may not on its own "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012).

**CONCLUSION**

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is granted and defendant's motion for judgment on the pleadings (Dkt. No.14) is denied. The case is remanded for further administrative proceedings. The Clerk of Court shall take all steps necessary to close the case.

**SO ORDERED.**

Dated: August 20, 2026
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge